IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MICHELLE R JOHNSON, | § | |
| | § | |
| PLAINTIFF(S), | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:22-CV-00399 |
| | § | (JURY) |
| ALLSTATE VEHICLE AND PROPERTY | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| DEFENDANT(S). | | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff Michelle R Johnson, ("Plaintiff"), and files ***Plaintiff's First Amended Complaint***, complaining of Allstate Vehicle and Property Insurance Company ("Allstate Vehicle and Property Insurance Company") (or "Defendant") and for cause of action,, Plaintiff respectfully shows the following:

**PARTIES**

1. Plaintiff, Michelle R Johnson, resides in Denton County, Texas.

2. Defendant, Allstate Vehicle and Property Insurance Company is a Texas insurance company engaged in the business of insurance in the State of Texas. Allstate Vehicle and Property Insurance Company is properly before this Court.

**JURISDICTION AND VENUE**

3. The Court has jurisdiction over Allstate Vehicle and Property Insurance Company because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of Allstate Vehicle and Property Insurance Company's business

      activities in the state, including those in Denton County, Texas, with reference to this specific case.

4. Subject matter jurisdiction is founded upon 28 U.S.C. § 1332 which gives district courts diversity jurisdiction over civil actions arising under state law, between citizens of different States, and alleging damages of more than $75,000.00 exclusive of interest and costs.

5. The events giving rise to this lawsuit occurred in Denton County, Texas, which sits in the Eastern District of Texas, Sherman Division.

6. Venue is proper in the United States District Court of the Eastern District of Texas Sherman Division pursuant to 28 U.S.C. § 1391(b)(2), in that this is the judicial district in which the events giving rise to the claim occurred.

## NOTICE AND CONDITIONS PRECEDENT

7. Plaintiff has provided the Texas statutory notice of the claim to Defendant in this Complaint and said notice was provided to Defendant more than sixty days prior to this Complaint being filed.

8. All conditions precedent necessary to maintain a claim under the insurance policy in question has been performed, occurred, or have been waived by Defendant.

## FACTS

9. Plaintiff asserts claims for breach of contract, common law bad faith, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

10. Plaintiff owns an Allstate Vehicle and Property Insurance Company insurance policy, number 844679135 ("the Policy"). At all relevant times, Plaintiff owned the insured premises located at 1627 Silverleaf Drive, Carrollton, Texas 75007 ("the Property").

11. Allstate Vehicle and Property Insurance Company or its agent sold the Policy, insuring the

Property, to Plaintiff. Allstate Vehicle and Property Insurance Company represented to Plaintiff that the Policy included water damage On or about February 20, 2021 the Property sustained extensive damage resulting from a severe storm that passed through the Denton County, Texas area.

12. In the aftermath of the hail and windstorm, Plaintiff submitted a claim to Allstate Vehicle and Property Insurance Company against the Policy for damage to the Property. Allstate Vehicle and Property Insurance Company assigned claim number 0617044680 to Plaintiff's claim.

13. Plaintiff asked Allstate Vehicle and Property Insurance Company to cover the cost of damage to the Property pursuant to the Policy.

14. Allstate Vehicle and Property Insurance Company hired or assigned its agent, Strobel, to inspect and adjust the claim. Strobel conducted an inspection on or about , according to the information contained in his estimate. Strobel's findings generated an estimate of damages totaling . After application of depreciation and $2,495 deductible, Plaintiff was left without adequate funds to make repairs on the entirety of their claim.

15. Allstate Vehicle and Property Insurance Company, through its agent, Strobel, conducted a substandard and improper inspection of the Property, which grossly undervalued the cost of repairs in its estimate and yielded an unrealistic amount to underpay coverage.

16. Allstate Vehicle and Property Insurance Company and Strobel have ultimately refused full coverage which includes, but is not limited to, the master bedroom, master bathroom, master bathroom toilet area, closet 1 & 2, foyer, foyer closet, hallway, dining room, kitchen, laundry room, hallway 2, office, office closet, bedroom 1, bedroom 1 closet, bathroom, bedroom 2, and bedroom 2 closet area of the home and the payments afforded

were grossly deficient. You have also not afforded appropriate coverage for contents damages and Additional Living Expenses despite requests being made for same.

17. The damage to Plaintiff's Property is currently estimated at $83,416.23.

18. Strobel had a vested interest in undervaluing the claims assigned to him by Allstate Vehicle and Property Insurance Company in order to maintain his employment. The disparity in the number of damaged items in his report compared to that of the third-party inspector's as well as the difference in valuation is evidence of unfair claims handling practices on the part of Strobel.

19. Furthermore, Strobel was aware of Plaintiff's deductible prior to inspecting the Property. Strobel had advanced knowledge of the damages he needed to document in order to be able to deny the claim.

20. Strobel misrepresented the actual amount of damage Plaintiff's Property sustained in addition to how much it would cost to repair the damage. Strobel made these misrepresentations as a licensed Texas adjuster with the hope that Plaintiff would rely on his expertise and accept the bad faith estimate as a true representation of the damages.

21. After reviewing Plaintiff's Policy, Strobel misrepresented that the damage was caused by non-covered perils. Strobel used his expertise to fabricate plausible explanations for why visible damage to Plaintiff's Property would not be covered under the policy.

22. As stated above, Allstate Vehicle and Property Insurance Company and Strobel improperly and unreasonably adjusted Plaintiff's claim. Without limitation, Allstate Vehicle and Property Insurance Company and Strobel misrepresented the cause of, scope of, and cost to repair damages to Plaintiff's Property, as well as the amount of insurance coverage for Plaintiff's claim or loss under the Policy.

23. Allstate Vehicle and Property Insurance Company and Strobel made these and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. Allstate Vehicle and Property Insurance Company and Strobel made these false representations with the intent that Plaintiff act in accordance with the misrepresentations regarding the grossly deficient damage and repair estimates prepared Strobel.

24. Plaintiff relied on Allstate Vehicle and Property Insurance Company and Strobel's misrepresentations, including but not limited to those regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiff's Property. Plaintiff's damages are the result of Plaintiff's reliance on these misrepresentations.

25. Upon receipt of the inspection and estimate reports from Strobel, Allstate Vehicle and Property Insurance Company failed to assess the claim thoroughly. Based upon Strobel's grossly unreasonable, intentional, and reckless failure to investigate the claim properly prior to underpaying coverage, Allstate Vehicle and Property Insurance Company failed to provide coverage due under the Policy, and Plaintiff suffered damages.

26. Because Allstate Vehicle and Property Insurance Company and Strobel failed to provide coverage for Plaintiff's insurance claim, Plaintiff has been unable to complete any substantive repairs to the Property. This has caused additional damage to Plaintiff's Property.

27. Furthermore, Allstate Vehicle and Property Insurance Company and Strobel failed to perform their contractual duties to Plaintiff under the terms of the Policy. Specifically, Strobel performed an unreasonable and substandard inspection that allowed Allstate Vehicle and Property Insurance Company to refuse to pay full proceeds due under the

Policy, although due demand was made for an amount sufficient to cover the damaged Property, and all conditions precedent to recover upon the Policy were carried out by Plaintiff.

28. Allstate Vehicle and Property Insurance Company's and Strobel's misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Defendant and Plaintiff.

29. Allstate Vehicle and Property Insurance Company's and Strobel's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (1). Allstate Vehicle and Property Insurance Company and Strobel have failed to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Specifically, Allstate Vehicle and Property Insurance Company and Strobel have failed to, in an honest and fair manner, balance their own interests in maximizing gains and limiting disbursements, with the interests of Plaintiff by failing to timely pay Plaintiff coverage due under the Policy.

30. Allstate Vehicle and Property Insurance Company's and Strobel's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (2) (A). Allstate Vehicle and Property Insurance Company and Strobel failed to provide Plaintiff a reasonable explanation for underpayment of the claim.

31. Additionally, after Allstate Vehicle and Property Insurance Company received statutory demand on or about January 5, 2022, Allstate Vehicle and Property Insurance Company has not communicated that any future settlements or payments would be forthcoming to

      pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiff's claim properly.

32. Allstate Vehicle and Property Insurance Company's and Strobel's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (4). Strobel performed a biased and intentionally substandard inspection designed to allow Allstate Vehicle and Property Insurance Company to refuse to provide full coverage to Plaintiff under the Policy.

33. Specifically, Allstate Vehicle and Property Insurance Company and Strobel performed an outcome-oriented investigation of Plaintiff's claims, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.

34. Allstate Vehicle and Property Insurance Company's and Strobel's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055. Due to Strobel subpar inspection, Allstate Vehicle and Property Insurance Company failed to reasonably accept or deny Plaintiff's full and entire claim within the statutorily mandated time after receiving all necessary information.

35. Allstate Vehicle and Property Insurance Company's and Strobel's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056. Due to Strobel's intentional undervaluation of Plaintiff's claims, Allstate Vehicle and Property Insurance Company failed to meet its obligations under the Texas Insurance Code regarding timely payment of the claim. Specifically, Strobel's understatement of the damage to the Property caused Allstate Vehicle and Property Insurance Company to delay full payment of Plaintiff's claim longer than allowed, and Plaintiff has not received rightful payment for Plaintiff's claim.

36. Allstate Vehicle and Property Insurance Company's and Strobel's wrongful acts and omissions have forced Plaintiff to retain the professional services of the attorneys and law firm representing him with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY

37. All paragraphs from the fact section of this petition are hereby incorporated into this section.

### BREACH OF CONTRACT

38. Allstate Vehicle and Property Insurance Company is liable to Plaintiff for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing. It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Allstate Vehicle and Property Insurance Company and Plaintiff.

39. Allstate Vehicle and Property Insurance Company's failure and/or refusal to pay adequate coverage as obligated under the Policy, and under the laws of the State of Texas, constitutes a breach of Allstate Vehicle and Property Insurance Company's insurance contract with Plaintiff.

### NON-COMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

40. Allstate Vehicle and Property Insurance Company's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

41. Allstate Vehicle and Property Insurance Company's unfair settlement practice of

misrepresenting to Plaintiff material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (1).

42. Allstate Vehicle and Property Insurance Company's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though Allstate Vehicle and Property Insurance Company's liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (2) (A).

43. Allstate Vehicle and Property Insurance Company's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for underpayment and denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (3).

44. Allstate Vehicle and Property Insurance Company's unfair settlement practice of refusing to pay Plaintiff's full claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (7).

### NON-COMPLIANCE WITH THE TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

45. Allstate Vehicle and Property Insurance Company's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are actionable under TEX. INS. CODE §542.060.

46. Allstate Vehicle and Property Insurance Company's delay in paying Plaintiff's claim

following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

47. Allstate Vehicle and Property Insurance Company's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

48. Allstate Vehicle and Property Insurance Company's failure to adequately and reasonably investigate and evaluate Plaintiff's claim, even though Allstate Vehicle and Property Insurance Company knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## DTPA VIOLATIONS

49. Allstate Vehicle and Property Insurance Company's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiff is a consumer of goods and services provided by Allstate Vehicle and Property Insurance Company pursuant to the DTPA. Plaintiff has met all conditions precedent to bring this cause of action against Allstate Vehicle and Property Insurance Company. Specifically, Allstate Vehicle and Property Insurance Company's violations of the DTPA include, without limitation, the following matters:

   A. By its acts, omissions, failures, and conduct, Allstate Vehicle and Property Insurance Company has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. Allstate Vehicle and Property Insurance Company's violations include, (1) unreasonable delays in the investigation, adjustment, and resolution of

      Plaintiff's claim, (2) failure to give Plaintiff the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiff's property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

B.   Allstate Vehicle and Property Insurance Company represented to Plaintiff that the Policy and Allstate Vehicle and Property Insurance Company's adjusting agent and investigative services had characteristics or benefits they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C.   Allstate Vehicle and Property Insurance Company represented to Plaintiff that Allstate Vehicle and Property Insurance Company's Policy and adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.   Allstate Vehicle and Property Insurance Company advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E.   Allstate Vehicle and Property Insurance Company breached an express warranty that the damages caused by wind and hail would be covered under the Policy. This breach entitles Plaintiff to recover under sections 17.46(b) (12) and (20) and 17.50(a) (2) of the DTPA.

F.   Allstate Vehicle and Property Insurance Company's actions are unconscionable in that Allstate Vehicle and Property Insurance Company took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Allstate Vehicle and Property Insurance Company's unconscionable conduct gives Plaintiff

        a right to relief under section 17.50(a) (3) of the DTPA; and

G.    Allstate Vehicle and Property Insurance Company's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

50. Each of the above-described acts, omissions, and failures of Allstate Vehicle and Property Insurance Company is a producing cause of Plaintiff's damages. All of Allstate Vehicle and Property Insurance Company's acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## KNOWLEDGE

51. Defendant made each of the acts described above, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiff's damages described herein.

## WAIVER AND ESTOPPEL

52. Defendant waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## DAMAGES

53. Since the claim was made, Allstate has not properly compensated Plaintiff as Allstate has previously agreed to in the settlement agreement. This has caused undue hardship and burden to Plaintiff. These damages are a direct result of Defendant's mishandling of Plaintiff's claim in violation of the laws set forth above.

54. Defendant made the above and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. Defendant made these false misrepresentations with the intent that Plaintiff acts in accordance with the

misrepresentations. Plaintiff then relied on these misrepresentations, including but not limited to those regarding coverage and the cause and scope of damage. Plaintiff suffered damages as a result.

55. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of damages sustained. The acts, omissions, failures, and conduct of Defendant have caused Plaintiff's damages, which include, without limitation, costs for all necessary repairs required to be made to Plaintiff's Property, and any investigative and engineering fees incurred.

56. For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim, consequential damages, together with attorney's fees.

57. For non-compliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits owed pursuant to the Policy, court costs, and attorney's fees. For knowing and intentional conduct of the acts described above, Plaintiff asks for three (3) times Plaintiff's actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(B)(1).

58. For non-compliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, plus the per annum interest penalty on that claim, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

59. For breach of the common-law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of money Allstate owed, and exemplary damages.

60. Defendant's breach of the common-law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiff rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct that the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendant for its wrongful conduct and to set an example to deter Defendant and others from committing similar acts in the future.

61. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

62. Plaintiff hereby requests a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Eastern District of Texas, Sherman Division Plaintiff hereby tenders the appropriate jury fee.

## PRAYER

Plaintiff prays that Defendant, Allstate Vehicle and Property Insurance Company, be cited and served to appear, and that upon trial hereof, Michelle Johnson, recovers from Defendant, Allstate Vehicle and Property Insurance Company such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to actual, consequential,

and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages, as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiff's behalf, for pre-judgment and post-judgment interest as allowed by law; and for any other and further relief, at law or in equity, to which Plaintiff, may show she is justly entitled.

        Respectfully submitted,

        By: */s/ Amanda J. Fulton*

        CHAD T. WILSON LAW FIRM PLLC
        Chad T. Wilson
        Southern Bar No. 2246983
        State Bar No. 24079587
        Amanda J. Fulton
        Southern Bar No. 1348764
        State Bar No. 24077283
        455 East Medical Center Blvd., Suite 555
        Webster, Texas 77598
        Telephone: (832) 415-1432
        Facsimile: (281) 940-2137
        ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy *Plaintiff's First Amended Complaint* has been forwarded to counsel of record via Certified U.S. Mail, facsimile, hand delivery, or CM/ECF system on this day, June 7, 2022:

DAVID ALLEN LAW GROUP, PLLC
David G. Allen
State Bar No.  00786972
allen@dallenlg.com
Brian G. Saucier
State Bar No. 24037436
saucier@dallenlg.com
12222 Merit Drive, Suite 1200
 Dallas, Texas  75251
(214) 748-5000 Telephone
(214) 748-1421 Facsimile
ATTORNEYS FOR DEFENDANT

*/s/ Amanda J. Fulton*